IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **ALICIA KINEBREW,**<br>    **Plaintiff,**<br><br>           v.<br><br>**THE UNITED STATES OF AMERICA,**<br>    **Defendant.** | **CIVIL ACTION**<br><br><br><br><br>**NO. 15-6855** |

## MEMORANDUM OPINION

Before the Court is Defendant the United States of America's Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(1). Plaintiff has sued Defendant under the Federal Tort Claims Act ("FTCA") in connection with an incident at the Department of Veterans Affairs ("VA") in Philadelphia: Plaintiff alleges that she was standing in line to order sandwiches at the VA cafeteria while holding a tray with hot coffee when an unidentified individual bumped into her and caused her to spill the coffee and burn her right arm. Plaintiff premises subject matter jurisdiction on her allegation that the woman who bumped into her was a VA employee. In its motion to dismiss, Defendant argues that this Court lacks subject matter jurisdiction because Plaintiff cannot establish, as she must if she is to proceed under the FTCA, that the alleged injury was caused by an "employee of the Government" who was "acting within the scope of his office or employment." Mot. at 5 (citing 28 U.S.C. § 1346(b)(1)).

As an initial matter, it is important to clarify that Defendant does not raise a facial challenge to the complaint, which would require the Court to accept all of Plaintiff's allegations as true. Rather, Defendant argues that the factual allegations in Plaintiff's pleadings are incorrect. In reviewing a factual attack under Rule 12(b)(1), evidence outside the pleadings, including affidavits, depositions, and testimony may be considered. *Gotha v. United States*, 115 F.3d 176, 178-79 (3d Cir. 2000) (citing *Mortensen v. First Fed. Sav. & Loan Ass'n.*, 549 F.2d

884, 891-92 (3d Cir. 1977)).  Furthermore, "no presumptive truthfulness attaches to a plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims."  *Mortensen*, 549 F.2d at 891.  Moreover, Plaintiff has the burden of proof that jurisdiction does in fact exist.  *Id*.

A review of the record illustrates that Plaintiff cannot establish that the woman who bumped into her was a government employee acting within the scope of her employment.  The only evidence Plaintiff offers to establish these facts is her own testimony that the woman who bumped into her was: (1) wearing an identification badge; and (2) "not in line to order a sandwich," but had entered the line briefly in order to speak with another woman who was also wearing an identification badge.  Opp'n at 6-7.  However, Ariel Drobones, Risk Manager at the VA Center, testified at her deposition that the VA also issues badges to volunteers, veterans receiving care, and independent contractors.  Mot. Ex. D. ¶ 6.  The United States has not waived its sovereign immunity under the FTCA for claims based on the alleged negligence of non-employees, such as volunteers, veterans or independent contractors.  *See, e.g.*, 28 U.S.C. §§ 1346(b)(1), 2671; *United States v. Orleans*, 425 U.S. 807, 814 (1976).  Plaintiff has pointed to no additional evidence that would reveal whether the woman who bumped into her was a VA employee and, thus, has failed to meet her burden of proof to establish that her injury was caused by a government employee or, even assuming that she had had met that burden, whether such person was acting within the scope of their employment.

Plaintiff argues that even if she has failed to meet her burden of proof in response to Defendant's motion to dismiss, it would be premature and unjust to dismiss her case at this juncture because she has not yet had an opportunity to take the depositions of various VA employees who might have further information about the identity of the woman who bumped

into her.  Opp'n at 8.  In particular, Plaintiff argues that she may discover additional information from three witnesses: Rae Thompson, Carol Stanton, and Jimmy McKnight.  In response, Defendant notes that Plaintiff has yet to propound a single discovery request or notice a deposition despite the fact that discovery has been underway since February 2016.  Reply at 4.  More pertinent here is that Defendant has submitted affidavits from Stanton and Thompson, in which the VA employees attest that they have no information regarding the identity of the woman who bumped into Plaintiff.  Reply Exs. F, G.  Although Defendant did not submit an affidavit from McKnight, it avers that he retired three years ago and is unlikely to have additional information.  In light of the affidavits, which reveal that Plaintiff's proposed depositions would not change the jurisdictional analysis, I conclude that Plaintiff has not met her burden to show subject matter jurisdiction and would not be able to do so even if she were given additional time for discovery.  An order granting the Defendant's motion follows.

                BY THE COURT:

                /s/ Wendy Beetlestone

                _____
                **WENDY BEETLESTONE, J.**